Clark *v.* Courser.

## CLARK, PET'R *v.* COURSER.

Security for costs will be ordered, of course, upon a petition to be allowed an appeal from a probate decree, particularly if the petitioner is resident out of the State.

A petitioner in such case will not be ordered to pay the costs of a previous appeal, which has been dismissed, unless there are circumstances showing vexation, or gross negligence.

PETITION, under the statute, (Rev. Stat. ch. 170, § 7,) to

be allowed an appeal from a decree of the judge of probate for this county.

The case presents the same state of facts as existed in the case between the same parties ·decided at the December term, 1854. The cause of application is the insufficiency of his bond upon the former appeal, which the petition alleges was the result entirely of mistake, and not of any neglect.

*Farley*, of counsel for the defendant, now moves that the appellant may be required to give security to pay the costs which may arise upon this appeal, and that he may be ordered to pay the costs taxed against him upon the original appeal.

*G. Y. Sawyer* and *Stevens*, for the petitioner.

BELL, J. The case is a proper one for an order for security for costs. Rev. Stat. ch. 170, § 10. Let the appellant file a bond to the petitionee, in the penal sum of two hundred dollars, with responsible signers, to the satisfaction of the clerk, conditioned to pay all such costs as the court may award to be paid by the petitioner.

Upon the facts, as they are now presented, there is no foundation for an order for the payment of the costs of the previous appeal. The case does not now appear either as one of gross negligence or of vexation. If it should hereafter present a different aspect in these respects, the security ordered will be broad enough to cover any costs ordered by the court to be paid.